```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                       │
UNITED STATES DISTRICT COURT                        │ DOCUMENT                        │
SOUTHERN DISTRICT OF NEW YORK                       │ ELECTRONICALLY FILED            │
-------------------------------------------------- X│ DOC #: _____        │
                                                  : │ DATE FILED: 5/16/2022           │
TYRONE MASSEY,                                     : └─────────────────────────────────┘
                                                  :
                              Plaintiff,          :          1:20-cv-08633-GHW
                                                  :
               -v -                               :               ORDER
                                                  :
CAPTAIN HERNANDEZ; CITY OF NEW                     :
YORK,                                             :
                                                  :
                              Defendants.         :
                                                  :
-------------------------------------------------- X
```

GREGORY H. WOODS, District Judge:

*Pro se* plaintiff Tyrone H. Massey filed this action under 42 U.S.C. § 1983 on October 15, 2020, alleging that a New York Department of Corrections officer denied him seizure medicine, causing Plaintiff to suffer a seizure and several injuries.  Dkt. 2.  Plaintiff filed a first amended complaint on March 24, 2021, providing more details about the incident and claiming violations of his Eighth and Fourteenth Amendment rights.  Dkt. No. 16.  During an initial pretrial conference held on August 27, 2021, the Court adopted the parties' proposed case management plan and scheduling order.  *See* Dkt. Nos. 21, 27.  The case management plan and scheduling order directed Plaintiff to make initial disclosures no later than September 10, 2021, the parties to serve initial requests for the production of documents no later than September 10, 2021, and the parties to complete fact discovery no later than January 14, 2022.  *See* Dkt. No. 27.

On November 18, 2021, Defendants City of New York and Captain Hernandez (together, the "City Defendants") requested an extension of the discovery deadlines, stating that Plaintiff's mental health issues had prevented Plaintiff from meeting the established deadlines, including the September 10, 2021 deadline to provide initial disclosures and an October 10, 2021 deadline to respond to Defendants' first set of discovery requests.  Dkt. No. 27.  The Court granted the

extension request and entered an amended case management plan and scheduling order.  Dkt. Nos. 29, 30.

On March 22, 2022, counsel for the City Defendants informed the Court that Plaintiff had still not provided initial disclosures or responses to the City Defendants' discovery requests, both of which were due no later than December 20, 2021.  Dkt Nos. 30-31.  Defense counsel stated that Plaintiff was experiencing personal health issues and that he had been hospitalized for a time, but that the newly proposed deadlines "should provide plaintiff with sufficient time to address his outstanding discovery obligations."  Dkt. No. 31.  The Court again granted an extension of the discovery deadlines, and scheduled a status conference on April 20, 2022.  Dkt. No. 32.  The Clerk of Court mailed the Court's order scheduling the April 20, 2022 conference to Plaintiff's address listed on the docket.

On April 20, 2022, the Court, counsel for Defendants, and the court reporter joined the conference at the scheduled time, but Plaintiff did not.  Counsel for the City Defendants informed the Court that Plaintiff had been produced at the designated time, but refused to join the conference.  The Court adjourned the conference in light of Plaintiff's refusal to appear, and scheduled another conference for May 10, 2022.  Dkt. No. 33.  In its April 22, 2022 order scheduling the second conference, the Court specifically directed Plaintiff to comply with the Court's orders, including orders requiring the parties to appear at conferences.  *Id.*  The Court warned Plaintiff that "[c]ontinued failure to comply with the Court's orders or to participate actively in the litigation process may result in dismissal of this case."  *Id.*  The Clerk of Court mailed a copy of this order to Plaintiff at his last known address.

On May 10, 2022, the Court, counsel for the City Defendants, and the court reporter joined the conference line at the scheduled time.  Again, Plaintiff did not appear.  Defense counsel informed the Court that Plaintiff had still not provided initial disclosures or responded to discovery

requests.  Defense counsel also stated that the correctional facility where Plaintiff was being held

had informed defense counsel that Plaintiff was scheduled to be released on April 25, 2022.  As of

May 10, 2022, Plaintiff had neither been in contact with counsel for Defendants nor had he notified

the Court of any change in his address.  For a second time, the Court adjourned a court-ordered

conference due to Plaintiff's failure to appear.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a

court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*,

No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v.*

*Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in

extreme situations[,]" *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the

authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs

and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre*

*Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  While appellate courts apply a number of factors

in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is

not required to discuss each of the factors on the record."  *Martens v. Thomann*, 273 F.3d 159, 180 (2d

Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y.

July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their

decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL

21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the

record will benefit from the reasoning of the Court.").

The Court concludes that dismissal of Plaintiff's complaint without prejudice pursuant to

Rule 41(b) is warranted due to Plaintiff's failure to comply with multiple Court orders and failure to

prosecute this case.  First, Plaintiff has disregarded the discovery deadlines established by the Court.

The Court has twice granted extensions of these deadlines to accommodate Plaintiff's

circumstances, but Plaintiff has yet to serve initial disclosures or discovery requests to Defendants in the more than eight months that have elapsed since the Court held an initial pretrial conference.

Second, Plaintiff failed to appear at two court-ordered conferences.  In its April 22, 2022 order, the Court instructed Plaintiff that his continued failure to comply with the Court's orders or to actively litigate this case "may result in dismissal of this case."  *See* Dkt. No. 33.  Despite this warning, Plaintiff did not attend the May 10, 2022 conference.  Finally, Plaintiff failed to notify the Court of any change in his address.  The Court notified Plaintiff as early as November 15, 2020 that Plaintiff is obligated to "promptly submit a written notification to the Court if his address changes, and that the Court may dismiss the action if he fails to do so." Dkt. No. 4.  Plaintiff has provided no such update to the Court as of May 16, 2022.

Considering Plaintiff's continued failure to comply with this Court's orders, including orders establishing discovery deadlines and orders scheduling conferences, and Plaintiff's failure to prosecute this case, which Plaintiff initiated nineteen months ago, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  The Court does not believe that any lesser sanction other than dismissal would be effective.  However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to serve this Order by certified mail on Plaintiff at his last known address, and to close this case.

Dated:  May 16, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge